Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2612 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Raul Gonzalez vs. City Wide Disposal, Inc. and Anthony Barbara | | |

**DOCKET ENTRY TEXT**

Opinion:

Plaintiff Raul Gonzalez's motion for sanctions [28] is denied.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff Raul Gonzalez filed a complaint seeking to hold Defendants City Wide Disposal, Inc. and Anthony Barbara (collectively "City Wide") liable under the Fair Labor Standards Act and the Illinois Minimum Wage Law for an alleged failure to pay the plaintiff overtime and minimum wages. (Doc. 1.) City Wide moved to dismiss Gonzalez's complaint, arguing that (1) Gonzalez had named the wrong entity as a defendant because Gonzalez had actually been employed by a separate entity, (2) even if the proper party had been named, defendants were not liable because Gonzalez was an independent contractor and not an employee, and (3) Gonzalez had failed to allege in the complaint that he worked more than 40 hours per week. (Doc. 17.) In support of its motion, City Wide relied on materials attached to its motion to dismiss: the affidavit of defendant Barbara and a "Statement of Material Facts." (Docs. 17-1, 17-3.)

In an order entered on December 10, 2009, the court denied City Wide's motion to dismiss. (Doc 27.) The court stated that facts outside of the plaintiff's complaint generally cannot be considered on a motion to dismiss, and that City Wide provided no authority to persuade the court to consider such facts in this case. (*Id.* at 1.) Additionally, the court "decline[d] to convert City Wide's motion into a motion for summary judgment under Rule 56 without discovery." (*Id.*)

Before the court issued its opinion, Gonzalez served a motion for sanctions under Federal Rule of Civil Procedure 11 on City Wide's attorney contending that the motion to dismiss was frivolous and allowing twenty-one days to withdraw the motion. (*See* Doc. 28.) City Wide did not withdraw, and Gonzalez filed his sanctions motion with the court immediately after the court issued its opinion.

Federal Rule of Civil Procedure 11(b) states that an attorney who presents a signed written motion to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the motion is not being filed for any improper purpose and the claims being made are supported by facts and the law. Fed. R. Civ. P. 11(b). The court may grant a motion for sanctions "[i]f, after notice and reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1).

## STATEMENT

In his motion, Gonzalez argues that City Wide violated Rule 11 by filing a motion to dismiss which relied on facts outside the complaint. (Doc. 28 ¶ 6.) Gonzalez does not argue that City Wide filed its motion for an improper purpose as proscribed by Rule 11(b)(1); Gonzalez does not argue that any legal contention in the motion is not supported by existing law as proscribed by Rule 11(b)(2); nor does Gonzalez argue that any factual contention or denial of a factual contention in the motion is unwarranted on the evidence as proscribed by Rule 11(b)(3)-(4). In short, Gonzalez does not argue that any ground on which Rule 11 allows the imposition of sanctions applies here.

Rule 12(d) permits the court to treat a motion to dismiss as a summary judgment motion where matters outside the pleadings are presented. The court chose not to do so in this case because Gonzalez sought discovery on the factual issues addressed by City Wide's Statement of Material Facts. But, if Gonzalez had been prepared to concede City Wide's factual assertions or if the court had concluded that Gonzalez had access to all the relevant evidence on these issues, then the court might have been able to decide the motion without necessitating discovery. Rule 11 does not permit sanctions to be imposed simply because a party did not prevail on its motion. *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989). Accordingly, Gonzalez's motion for sanctions is denied.[1]

---

[1] In reply, Gonzalez raises two additional arguments which do not appear in his motion. Arguments raised for the first time in a reply brief are waived. *United States v. Hughes*, 970 F.2d 227, 235 n.6 (7th Cir. 1992). In any event, both arguments are without merit. First, Gonzalez contends that City Wide argued frivolously that the complaint should be dismissed because it does not allege the number of hours worked over 40 per week. As the court held, City Wide's argument was incorrect given the notice pleading standard in the Seventh Circuit. (Doc. 27 at 1.) But given recent Supreme Court precedent addressing pleading requirements, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), City Wide's argument was not completely unreasonable. Rule 11 does not penalize "aggressive advocacy or legal evolution." *Mars Steel*, 880 F.2d at 932. Second, Gonzalez contends that City Wide frivolously argued that the complaint should be dismissed because it names the wrong parties. Gonzalez cites a case from the District of Kansas for the proposition that a complaint should not be dismissed when the wrong party is named; rather the plaintiff should be permitted to replead under Rule 15(c). *Wheat v. Am. Cmty. Newspapers, Inc.*, No. 04-2522-JWL, 2005 WL 3503677, at *4-5 (D. Kan. Dec. 22, 2005). But Gonzalez misreads the *Wheat* case–the court reached no such conclusion. Rule 15(a) permits amendments to the complaint in certain circumstances, but Gonzalez has never asked to amend his complaint. If the court had concluded that the complaint named the wrong party, dismissal would indeed have been appropriate, although the court would likely have permitted Gonzalez to amend. *See Viad Corp. v. Riches*, No. 03 C 2307, 2003 WL 21663672, at *2 (N.D. Ill. July 15, 2003) (dismissing claim without prejudice as to incorrectly named defendant company).